UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIE K O'BRIEN,

                  Plaintiff,

-v-

STUART FINKEL,

                  Defendant.

19-CV-10488 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      The Court is sua sponte reconsidering its order denying leave to amend (Dkt. No. 39), particularly in light of the Second Circuit's analysis in *Loreley*. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015); *see also Henslee v. Union Planters Nat. Bank & Trust Co.*, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting) ("Wisdom too often never comes, and so one ought not to reject it merely because it comes late.").

      In *Loreley*, the Second Circuit held that a district court had exceeded its discretion in denying plaintiffs leave to amend. *Id.* at 189. In so holding, the Second Circuit affirmed "the liberal standard set forth in Rule 15, which states that '[t]he court should freely give leave [to amend] when justice so requires.'" *Id.* at 190 (quoting Fed. R. Civ. P. 15(a)(2)). A permissive standard "is consistent with [the Circuit's] strong preference for resolving disputes on the merits." *Id.* (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011)). If a plaintiff can plead facts that may be "a proper subject of relief," she should be allowed to test her claims on the merits. *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

      Leave to amend may still be denied on the usual grounds of "undue delay, bad faith, dilatory motive, and futility." *Id.* But none of these factors exists here. Plaintiff sought leave to amend within six months of commencing suit, which does not rise to the level of undue delay.

1

Although Plaintiff proceeded inefficiently — filing leave to amend well after filing an opposition to the motion to dismiss (*see* Dkt. No. 39) — there is nothing to suggest bad faith or dilatory motive, nor does it appear that amendment would be futile.

Accordingly, if Plaintiff still wishes to amend her complaint, the Court directs Plaintiff to file a second amended complaint by August 11, 2020.  Defendant will then have until September 1, 2020, to answer or otherwise respond to the complaint.

The Clerk of Court is directed to close the motions at Docket Numbers 19 and 41 as moot.

SO ORDERED.

Dated: August 4, 2020
       New York, New York

                                   J. PAUL OETKEN
                                   United States District Judge